Davis, J.
It is the contention of the plaintiffs in error that the order made by the county commissioners did not affect any private rights of the defendant in error; and that it went no farther than to release or destroy the public interest in the ditch, and thereby to cancel the obligation to maintain it. The claim of the defendant in error, plaintiff below, is that by reason of the facts which are disclosed in the findings of the circuit court, he has acquired certain vested rights in the ditch, which are distinct from the public interest therein; and that the finding by *15 the commissioners that the ditch “is no longer of use to the persons interested and will not he conducive to the public health and welfare as an open ditch,” and the order that the same shall be vacated and abandoned, constitute an unlawful interference with, and impairment of, the private rights which the defendant in error had acquired by reason of the location and establishment of such ditch. Two reasons are assigned in support of this claim by the defendant in error; but it is necessary to consider only one of them.
Assuming the validity of section 4499 of the Revised Statutes, and passing by questions as to the sufficiency of the notice given and the refusal by the commissioners to receive notice and bond for appeal, we come to the pivotal question in the case, that is, whether the commissioners are. required, by the provisions of section 4499, to inquire and find whether the vacation and abandonment of the ditch would interfere with private rights acquired by the location and establishment of the ditch, before proceeding to grant the prayer of the petition. It is urged in behalf of the plaintiffs in error that when the commissioners are satisfied that the ditch has ceased to be of public utility, and the public health, convenience or welfare no longer demand the maintenance thereof, the inquiry should stop there; and that the last clause of the section is merely a saving clause, preserving to the individual his private rights, notwithstanding the discontinuance of the public interest in the ditch. It is obvious, however, that if that part of the section preceding the clause relating to private rights, authorizes the abandonment of the public interest only, a clause saving private rights is unnecessary; because such private rights would re *16 main intact without • such, legislation. McQuigg et al. v. Cullins, 56 Ohio St., 649, 654. When we look closely to the language of this clause, with the purpose of ascertaining, if possible, the object of the legislature in inserting it, it is first of all apparent that it is absolutely prohibitive of any interference with, or impairment of, private rights acquired by reason of the location and establishment of the ditch. If the language does not mean this, it means nothing. An order by the commissioners vacating and abandoning the ditch and declaring “its location and establishment to be held for naught,” is necessarily, in some degree, an interference with, and impairment of, rights “acquired by reason of the location and establishment of such ditch.” It follows, therefore, that although the commissioners may be of the opinion that the ditch has ceased to be of public utility, and that the public health, convenience or welfare no longer demands the maintenance thereof; yet if persons have acquired private rights by reason of the location and establishment of such ditch, they are prohibited from making an order declaring that the ditch shall be vacated and abandoned,' and that its location and establishment shall be held for naught. This implies an inquiry as to the existence of such private rights, before the making of such an order, and such inquiry is necessary to the exercise of the jurisdiction to make an order upon the petition. Such an inquiry, if made in this case, is not disclosed in the record. The circuit court has found that the defendant in error has private rights which he acquired by reason of the location and establishment of this ditch, that the ditch has.existed long enough to be “in all respects considered and treated as a natural water course,” as provided by section 4500 of the *17 Revised Statutes, that the ditch was necessary to the drainage of the lands of the defendant in error, and that said lands were wholly dependent thereon for drainaga He was, therefore, entitled to have an injunction as prayed. The judgment of the circuit court and that of the common pleas, are

Affirmed.

'Minshall, O. J., Burket, Spear and Shauck, JJ., concur.